JUDGE FRANK MONTALVO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2020 DEC 30 AM 11:51
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY

EP20CV0322

| | | |
|---|---|---|
| **MICHELLE NEVAREZ,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| **JOSE MORALES, and THE ALLSTATE CORPORATION,** a Delaware corporation, and **JOHN DOES, 1-4** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff MICHELLE NEVAREV ("Plaintiff" brings this Complaint and Demand for Jury Trial against Defendant JOSE MORALES and Defendant THE ALLSTATE CORPORATION, and JOHN DOES 1-4 (together "Defendants") to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

### NATURE OF ACTION

2. Defendants offer insurance related products and services to businesses and consumers. As part of marketing their products and services, Defendants and their agents placed calls to Plaintiff's cell phone that used an autodialing system and a prerecorded voice advertisement.

3. Defendants make unsolicited and unauthorized phone calls to consumers using false and misleading statements and artificial or prerecorded voice messages to sell insurance related products and services.

4. Defendants did not obtain consent from Plaintiff prior to calling her cell phone, and Defendants are therefore liable under the Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") and its implementing regulation, 47 C.F.R. § 64.1200(a)(2).

5. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

6. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers on a grand scale without their consent.

7. By placing the calls at issue, Defendants have violated the privacy of Plaintiff and caused her to suffer damages that are recognized by statute.

8. Plaintiff therefore seeks an injunction requiring Defendants to stop calling her cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

**PARTIES**

9. Plaintiff MICHELLE NEVAREZ is a natural person and is a citizen of the Western District of Texas and was present in the Western District of Texas during all calls at issue in this case.

10. Defendant JOSE MORALES ("Morales") is a natural person and is a citizen of the Western District of Texas and can be served at 600 Sunland Park Drive, Suite 600, El Paso, Texas 79912.

11. Defendant THE ALLSTATE CORPORATION ("Allstate") is a corporation organized and existing under the laws of Delaware and can be served via registered agent The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

12. Defendants JOHN DOES 1-4 are the agents and/or companies making robocalls on behalf of Defendant Allstate and Defendant Morales and will be revealed during Discovery.

## JURISDICTION AND VENUE

13. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal stature.

14. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

15. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS

17. On August 3, 2020 Plaintiff received a call on her cell phone (915-356-9128) from phone number 915-320-8177.

18. Plaintiff answered the phone and heard an artificial or prerecorded voice message advertising insurance. Plaintiff was irritated and hung up the phone.

19. On August 14, 2020, Plaintiff received a call on her cell phone from phone number (915) 320-8169.

20. Plaintiff answered and heard a artificial or prerecorded voice message advertising insurance. Plaintiff was irritated and hung up the phone.

21. On September 21, 2020, Plaintiff received a call on her cell phone from phone number (915) 320-6878.

22. Plaintiff answered and heard an artificial or prerecorded voice message advertising insurance. Plaintiff was irritated and hung up the phone.

23. On October 2, 2020, Plaintiff received a call on her cell phone from phone number (915) 320-8179.

24. Plaintiff answered and heard an artificial or prerecorded voice message advertising insurance. Plaintiff was irritated and hung up the phone.

25. On November 16, 2020, Plaintiff received a call on her cell phone from phone number (915) 320-6970.

26. Plaintiff answered and heard an artificial or prerecorded voice message advertising insurance. Plaintiff was irritated and hung up the phone.

27. On November 19, 2020, Plaintiff received a call on her cell phone from phone number (915) 320-8179.

28. Plaintiff "pressed one" and was transferred to a live representative from Allstate.

29. Plaintiff was solicited for car insurance.

30. Plaintiff did not need or want car insurance but purchased a policy in order to determine who was behind the repeated illegal robocalls.

31. On November 20, 2020 Plaintiff was enrolled in car insurance policy #886 999 409 with Defendants.

32. On November 22, 2020 Plaintiff received an email from Defendant Allstate welcoming her to auto payment enrollment.

33. On November 24, 2020 Plaintiff received another robocall from phone number (915-320-6880) despite having already purchased a car insurance policy from Defendants.

34. Plaintiff answered the phone and heard an artificial and prerecorded voice advertising insurance from the Defendants.

35. On December 10, 2020 at 10:28 am Plaintiff received another robocall from Defendants using spoofed phone number (915) 701-2187.

36. Plaintiff answered the phone and heard a prerecorded or artificial voice advertising insurance products from the Defendants. Plaintiff pressed "one" and was connected to a live representative who again solicited Plaintiff.

37. On December 10, 2020 at 10:37 am Plaintiff received another robocall from Defendants using spoofed phone number (915) 701-2187.

38. Plaintiff answered the phone and again heard an artificial or prerecorded voice advertising insurance products from the Defendants.

39. On December 17, 2020 at Plaintiff received another robocall from Defendants using spoofed phone number (832) 299-1721.

40. Plaintiff answered the phone and heard an artificial or prerecorded voice advertising insurance. Plaintiff "pressed one" and was connected to an Allstate agent.

41. Plaintiff was again solicited for car insurance. Plaintiff gave her information and was emailed a personalized quote for car insurance.

42. On December 17, 2020 Plaintiff received another robocall from phone number 915-529-5532.

43. Plaintiff answered the phone and heard a prerecorded or artificial voice advertising insurance. Plaintiff answered the phone, "pressed one" and was solicitated for car insurance.

44. Plaintiff did not obtain a car insurance quote because she had just obtained a quote minutes earlier during the call from caller ID 832-299-1721.

45. Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

46. Defendants and their agents and co-conspirators amassed lists of thousands of vehicle owners from public records, vehicle sales and registration records, and data aggregators and then sent phone calls using artificial or prerecorded voice messages *en masse* to market their products.

47. Defendants participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

48. Defendants refuse to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendants.

49. Plaintiff never consented to receive the calls alleged herein. Plaintiffs had no relationship with Defendants prior to the calls alleged herein.

50. Defendants advertised their products by falsely informing the consumer that their insurance had expired.

## VICARIOUS LIABILITY OF SELLERS

51. These parties are vicariously liable under the theories of actual authority, apparent authority, and ratification, and as well as liable because any other result would impair the underlying purpose of the TCPA.

52. The Allstate Corporation (Allstate) and Jose Morales are the liable party as the direct beneficiary of the illegal telemarketing calls as they stood to gain the Plaintiff as a client and quoted the

Plaintiff their services in obtaining car insurance.

53. The email shows that the beneficial parties who were gaining customers were Allstate and Jose Morales.

54. Allstate and Jose Morales authorized third party telemarketers to generate prospective customers. Allstate and Jose Morales hired telemarketers to promote its products and services.

55. As the court ruled in Jackson v Caribbean Cruise Line, Inc., the defendant sellers should be held liable for their violations of the TCPA. Courts have looked at the purpose of the TCPA and found that not holding the sellers liable through vicarious liability would undermine the purpose of the TCPA.

**The Texas Business and Commerce Code 305.053**

56. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

57. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

**FIRST CAUSE OF ACTION**

Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

58. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

59. Defendants and/or their agents placed calls to Plaintiff's cellular telephone.

60. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants.

61. Defendants' calls were made for purposes of advertising and marketing Defendants' insurance products. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

62. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

63. As a result of their unlawful conduct, Defendants repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their unlawful calling campaigns.

64. Not only did Defendants make these violating calls, Defendants and/or their agents did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

65. If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION

**Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**

**(Against All Defendants)**

66. Plaintiff incorporates the forgoing allegations as if fully set forth herein.

67. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

   a. written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [1];

b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [2]; and,

c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[3]

68. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

69. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

**THIRD CAUSE OF ACTION**
**Violations of The Texas Business and Commerce Code 305.053**

70. Plaintiff incorporates the foregoing allegations as if set forth herein.

71. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Ms. Nevarez's cellular telephone number without her prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an automated dialing system that does not comply with the technical and procedural standards under this subsection.

72. Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

---

[1] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order

73. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michelle Nevarez prays for judgment against the defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for eleven (11) calls.

E. An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F. An award to Ms. Nevarez of damages, as allowed by law under the TCPA;

G. An award to Ms. Nevarez of interest, costs and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

December 30, 2020 Respectfully Submitted,

Michelle

Michelle Nevarez
Plaintiff, Pro Se
611 Rubin Drive, Apt J87
El Paso, Texas 79912
915-702-3424

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

EP20CV0322

**I. (a) PLAINTIFFS**

MICHELLE NEVAREZ

**(b)** County of Residence of First Listed Plaintiff EL PASO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

**DEFENDANTS**

JOSE MORALES and THE ALLSTATE CORPORATION, a Delaware Corporation, and JOHN DOES 1-4

County of Residence of First Listed Defendant EL PASO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enf...

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320...

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

PRISONER PETITIONS
Habeas Corpus:
Alien Detainee
Motions to Vacate Sentence
General
Death Penalty
Mandamus & Other
Civil Rights
Prison Condition
Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☒ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

Court Name: TEXAS WESTERN
Division: 3
Receipt Number: 300037178
Cashier ID: lgarcia
Transaction Date: 12/30/2020
Payer Name: MICHELLE NEVAREZ

CIVIL FILING FEE- NON-PRISONER
For: MICHELLE NEVAREZ
Amount: $402.00

PAPER CHECK
Check/Money Order Num: 1307488713
Amt Tendered: $402.00

Total Due: $402.00
Total Tendered: $402.00
Change Amt: $0.00

CIVIL FILING FEE 3:20-CV-322-FM
MICHELLE NEVAREZ V. JOSE MORALES AND THE ALLSTATE CORPORATION ET AL

...m ...rt
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

...h you are filing *(Do not cite jurisdictional statutes unless diversity)*:

...authorized calls to Plaintiff's cell phone

...TION DEMAND $ 33,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

DOCKET NUMBER

...ATTORNEY OF RECORD

...IFP JUDGE MAG. JUDGE